UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLINA PALMGREN,<br><br>                           Plaintiff,<br><br>v.<br><br>THE HOWARD HUGHES CORPORATION and POP UP MOB LLC,<br><br>                           Defendants. | Case No.:<br><br>**COMPLAINT** |

**CAROLINA PALMGREN**, ("Carolina" or the "Plaintiff"), by and through her undersigned attorneys FALCON, JACOBSON & GERTLER, LLP, as and for her Complaint against The Howard Hughes Corporation ("Defendant HH") and Pop Up Mob, LLC ("Defendant Pop Up", and collectively referred to with Defendant HH as "Defendants"), allege upon knowledge to itself and upon information and belief as to all other matters as follows:

## NATURE OF ACTION

**1.**     This is a civil action for copyright infringement against the Defendants arising out of, *inter alia*: (1) Defendants' willful and intentional use, commercialization, manufacturing, displaying, copying, distribution, sale, licensing and/or other exploitation of Plaintiff's copyrighted photographs without the copyright owner's (i.e. Plaintiff's) consent; and (2) Defendants' unjust enrichment via their commercial exploitation of Plaintiff's photographs; specifically, Defendants have failed to pay Plaintiff for permission to use the photographs in various forms of advertising which bear reproductions of the photographs.

**2.**     Plaintiff is entitled to all legal, equitable, injunctive and/or financial relief, as requested herein, including the recovery of damages and the imposition of a permanent injunction precluding the Defendants, and the Defendants' agents, representatives and assigns,

1

from using, commercializing, manufacturing, distributing, selling, licensing and/or otherwise exploiting the copyrighted photographs.

## JURISDICTION AND VENUE

3.     This Court has original and exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) and (b).  This Court has supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391in that, upon information and belief, the Defendants are subject to personal jurisdiction in this District, transact business in this judicial District and/or a substantial part of the events giving rise to Plaintiff's causes of action occurred in this District.

## PARTIES

5.     Plaintiff, Carolina Palmgren, is a New York based photographer with a BFA in graphic design. Carolina is an award-winning art director who now focuses on photography in the field of fashion.

6.     Upon information and belief, Defendant HH is a Delaware corporation licensed to do business in New York State, maintaining headquarters in Dallas, Texas and offices at 199 Water Street, 31st Floor, New York, NY 10038. Defendant HH owns, manages and develops commercial, residential and mixed use properties both in New York and throughout the United States.

7.     Upon information and belief, Defendant Pop Up is a New York corporation licensed to do business in New York State, maintaining offices at 246 Mott Street, Apt.19/20, New York, New York 10012. Defendant Pop Up provides operation and management services for retail brands, such services including location scouting, event organization, press, public relations and so-called guerrilla marketing tactics.

## FACTS COMMON TO ALL COUNTS

8. On or about January of 2015, Carolina took photographs and created images (the "Subject Photographs") for her client A Peace Treaty ("APT")—a luxury fashion brand. Under Carolina's agreement with APT, the permitted use of the Subject Photographs was limited to APT's website and PDF lookbooks ("Merchandising Uses").

9. No right was granted to APT or any other party for advertising uses.

10. Upon information and belief, on or about September of 2015, APT entered into an agreement with Defendant Pop Up where Defendant Pop Up would stage a "pop up store" and provide related services for APT.

11. On or about October 1, 2015, Defendant Pop Up, by Maria Gabriela Lopez, entered into an agreement with APT for the purposes of staging the "pop up store" and temporarily conducting business at the South Street Seaport – Museum Block Seaport Location, New York, NY 10038 (the "Location"), for the period of October 20, 2015 through November 20, 2015.

12. Upon information and belief, Defendant HH is the title owner of various properties in the New York Seaport District, including the property at the Location where Defendant Pop Up was to stage up the "pop up store".

13. At some point, APT provided the Subject Photographs to Defendant Pop Up.

14. Defendant Pop Up, a company that professes to "play by [their] own rules"[1], did precisely that when they misappropriated the Subject Photographs and commercialized, manufactured, displayed, copied, sold, licensed, and otherwise exploited the Subject Photographs for their own and Defendant HH's benefit without Carolina's consent or authorization.

15. Plaintiff is informed and believes Defendant Pop Up used the Subject

---

[1] See Defendant Pop Up's website—http://popupmob.com/.  Accessed March 22, 2016.

Photographs to create various advertisements (the "Infringing Advertisements") for Defendant HH. The Infringing Advertisements encouraged holiday shopping at retail properties owned by Defendant HH.

16.     Defendant HH used the Infringing Advertisements in various forms and numerous types of media, both physical and digital, including but not limited to online advertisements and paid print billboards in New York City subway stations and transit hubs.

17.     The foregoing uses of the Subject Photographs in the Infringing Advertisements by Defendant HH and Defendant Pop Up commercialized, manufactured, displayed, copied, sold, licensed and/or otherwise exploited the Subject Photographs for profit and for the benefit of Defendant Pop Up and Defendant HH.

18.     Plaintiff is informed and believes that the Infringing Advertisements are the face of Defendant HH and Defendant Pop Up's unauthorized advertising campaign and Defendants' only advertisements concerning the Location (and Defendant HH's New York Seaport properties, generally). The Infringing Advertisements are still unlawfully displayed and otherwise exploited as both physical and digital advertisements as of the date of this Complaint.

19.     At no relevant time did Carolina or any of her agents or representatives authorize Defendants' exploitation of the Subject Photographs in the Infringing Advertisements.

20.     Carolina and/or her agents and representatives contacted Defendant Pop Up regarding their unauthorized use of the Subject Photographs in the Infringing Advertisements. Despite demands that Defendant Pop Up acquire the necessary rights and remit payment for unauthorized uses, Defendants continue to exploit the Subject Photographs without authorization or payment.

21.     Defendant HH altogether failed to respond to Carolina's demands that the Subject

Photographs be appropriately licensed and that payment be remitted for their unauthorized use of the Subject Photographs in the Infringing Advertisements.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS: DIRECT COPYRIGHT INFRINGEMENT

22.     Plaintiff repeats, re-alleges and reasserts each and every allegation contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein and further alleges as follows.

23.     Plaintiff is and has always been the sole owner of the copyright in the Subject Photographs.

24.     Plaintiff has duly registered the Subject Photographs with the Copyright Office in accordance with the applicable statute, and is the holder and sole owner of a federal copyright registration for the Subject Photographs pursuant to The Copyright Act, 17 U.S.C §101 *et seq.*

25.     Defendants directly infringed Plaintiff's copyright interest and exclusive rights, in and relating to Subject Photographs, under copyright law by, manufacturing, distributing, using, displaying, commercializing, selling, licensing and/or otherwise exploiting the Subject Photographs without Plaintiff's authorization or consent, all in violation of The Copyright Act, 17 U.S.C. §106, 115 and 501.

26.     The foregoing acts of infringement by the Defendants have been willful, intentional, purposeful and with a complete disregard for Plaintiff's rights in and to the Subject Photographs.

27.     Defendant Pop Up knew or should have known that Defendant Pop Up had no license to use the Subject Photographs in the Infringing Advertisements.

28.     Defendant HH, a major corporation with in-house attorneys, knew or should have

5

known that they could not exploit the Subject Photographs for advertising purposes without the copyright owner's consent or authorization.

29. Defendants failed to seek Plaintiff's authorization or consent to manufacture, distribute, copy, use, commercialize, display, sell, license and/or otherwise exploit the Subject Photographs.

30. Defendants failed to compensate Plaintiff for their exploitations of the Subject Photographs in any way.

31. As a direct and proximate result of the Defendants' copyright infringement, Plaintiff has suffered and will continue to suffer severe injuries and damages and is entitled to actual damages and Defendants' gross revenue and/or profits derived by Defendants that are attributable to Defendants' direct infringement of Plaintiff's rights in the Subject Photographs pursuant to 17 U.S.C. §504(b). Plaintiff may also elect to be awarded statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c) and/or attorneys' fees pursuant to 17 U.S.C. §505.

32. Plaintiff's exact amount of actual damages cannot be computed in terms of dollars. Defendants' infringement of Plaintiff's copyrights and exclusive rights, in and relating to the Subject Photographs, must be enjoined by this Court, and all copies and/or uses of the Subject Photographs by Defendants must be turned over to Plaintiff.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:
UNJUST ENRICHMENT**

33. Plaintiff repeats, realleges and reasserts each and every allegation contained in Paragraphs 1 through 32 of this Complaint as if fully set forth herein and further alleges as follows.

34. Defendants benefitted from their unauthorized use of the Subject Photographs in

advertisements posted on the Internet and in billboard advertisements.

35. Defendants received this benefit at Plaintiffs expense, as Defendants altogether failed to compensate Plaintiff for their unauthorized use of the Subject Photographs.

36. By reason of the foregoing, Defendants have become unjustly enriched at Plaintiff's expense by failing to license the rights to use the Subject Photographs and by realizing monetary gain from their unauthorized use of the Subject Photographs.

37. The amount by which Defendants have been unjustly enriched cannot be precisely ascertained at this time, but will be ascertained according to proof at trial.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT POP UP: CONTRIBUTORY COPYRIGHT INFRINGEMENT

38. Plaintiff repeats, realleges and reasserts each and every allegation contained in Paragraphs 1 through 37 of this Complaint as if fully set forth herein and further alleges as follows.

39. Defendant Pop Up willfully, knowingly and intentionally induced, caused, encouraged and/or assisted third parties, including Defendant HH, to distribute, use, commercialize, sell, display, license and/or otherwise exploit the Subject Photographs even though Defendant Pop Up knew that they did not have the copyright owner's (i.e. Plaintiff's) authorization or consent to do so.

40. Through this conduct, namely providing the Subject Photographs to Defendant HH for commercial and/or advertising purposes, Defendant Pop Up engaged in the business of knowingly inducing, causing, encouraging, assisting and/or materially contributing to the above-described unauthorized distribution, display, use, commercialization, selling, licensing and/or other exploitation of the Subject Photographs; thereby infringing Plaintiff's copyrights and exclusive rights, in and relating to Subject Photographs under copyright law.

41. The foregoing acts by the Defendant Pop Up have been willful, intentional and purposeful.

42. The acts of the Defendant Pop Up, as alleged herein, constitute contributory infringement of Plaintiff's copyrights and exclusive rights, in and relating to the Subject Photographs under copyright law in violation of the Copyright Act, 17 U.S.C. §106, 115 and 501.

43. As a direct and proximate result of the contributory infringement by the Defendant, Plaintiff is entitled to actual damages and any gross revenue and/or profits derived by the Defendant pursuant to 17 U.S.C. §504(b). Plaintiff may also elect to be awarded statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c) and/or attorneys' fees pursuant to 17 U.S.C. §505.

44. Plaintiff's exact amount of actual damages cannot be computed in terms of dollars.  Instead, Defendant's contributory copyright infringement of Plaintiff's rights in and to the Subject Photographs must be enjoined by the Court in order to avoid irreparable harm to the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays to the Court for an order or judgment against the Defendants, jointly and severally:

- A. On the first cause of action, an award of damages pursuant to 17 U.S.C. §504(b), the Defendants' profits in an amount to be proven at trial, statutory damages pursuant to 17 U.S.C. §504(c) and/or attorneys' fees pursuant to 17 U.S.C. §505;

- B. On the second cause of action, an award of damages in an amount to be proven at trial;

- C. On the third cause of action, an award of damages pursuant to 17 U.S.C. §504(b), Defendant Pop Up's profits in an amount to be proven at trial, statutory damages pursuant to 17 U.S.C. §504(c) and/or attorneys' fees pursuant to 17 U.S.C. §505;

- D. Permanently enjoining Defendants, and their agents, servants, employees, successors, administrators, assigns and representatives from manufacturing, distributing, copying,

    displaying, using, selling, commercializing, licensing and/or otherwise exploiting the Subject Photographs;

E. Directing Defendants to immediately return to Plaintiff all copies or reproductions of the Subject Photographs;

F. Awarding Plaintiff's reasonable attorneys' fees, costs and expenses relating to this action; and

G. Awarding such other and further relief as to this Court may seem just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff **CAROLINA PALMGREN** hereby demands a jury trial on all issues triable of right by jury.

Dated: New York, New York
       March 22, 2016

                                            Respectfully submitted,

                                            /s/Kenneth J. Falcon
                                            Kenneth J. Falcon, Esq. (KF1204)
                                            Falcon, Jacobson & Gertler, LLP
                                            31 East 32nd Street
                                            Fourth Floor
                                            New York, NY  10016
                                            (212) 203-3255
                                            ken@fjgllp.com
                                            *Attorneys for Plaintiff*